**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-12108 |
| | ) | |
| JOSEPH J. O'HARA | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| CLARE W. BRONFMAN | ) | Adversary Proceeding No. 09-90055-1 |
| SARA R. BRONFMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH J. O'HARA, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| DOUGLAS J. WOLINSKY, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| Intervenor. | ) | |

**MOTION TO INTERVENE**

Douglas J. Wolinsky, the Chapter 7 Trustee (the "Trustee") moves to intervene in the

above-captioned case as of right pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil

Procedure.

**MEMORANDUM**

1.      This case was commenced by filing of a voluntary petition under Chapter 7 of the

Bankruptcy Code[1] on June 30, 2008.

2.      On August 18, 2008, the Trustee was appointed successor trustee, and continues

to serve in that capacity.

---

[1] References to the Bankruptcy Code are references to the United States Bankruptcy Code, 11 U.S.C. §101 *et seq*.

3.      Fed.R.Civ.P 24(b)(1)(B) provides parties such as the Trustee with the opportunity to intervene in litigation if the party has a claim or defense that shares with the main action a common question of law or fact.  For the reasons stated below, the Trustee should be permitted to intervene in this action.

4.      This Motion is timely, as this case was commenced on May 25, 2009, less than one week ago, and no responsive pleadings have been filed.

5.      The Trustee and the plaintiffs in this case, Clare W. Bronfman and Sara R. Bronfman, have pursued common discovery from the Debtor and other parties.  As a result, the factual allegations and legal basis for the relief requested in this action would be similar if not identical to those asserted by the Trustee were he to commence his own action, rather than requesting intervention in this action.

6.      There are no competing factors which weigh against permitting intervention in this action, thus the Trustee's motion to intervene should be granted.  Since the Debtor has not responded in this action, he will not be prejudiced by the Trustee's intervention, and in fact he will realize certain economies, since he will be a party to only one action, rather than two.

## CONCLUSION

For the reasons set forth above, the Trustee requests permission to intervene in this action, together with such other relief the Court deems appropriate.

Dated:   May 29, 2009                    DOUGLAS J. WOLINSKY,
                                         CHAPTER 7 TRUSTEE


                          By:    _____
                                 Douglas J. Wolinsky
                                 Primmer Piper Eggleston & Cramer PC
                                 150 South Champlain Street
                                 P.O. Box 1489
                                 Burlington, Vermont 05402-1489
                                 (802) 864-0880

E00980-7944 / #104

2